**James C. Mahan**
**U.S. District Judge**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>JACOB LILL, et al.<br><br>Defendant(s). | Case No. 2:11-CR-310 JCM (CWH)<br><br>ORDER |

Presently before the court is defendant Jacob Lill's motion for early termination of supervision. (ECF No. 349). A response was due by July 28, 2017 and the United States has not responded. The motion is granted.

**I.     Facts**

Because the United States has not responded to Lill's motion, and granting this motion is favorable to the defendant, this court need not hold a hearing on this matter, *see* Fed. R. Crim. P. 32.1(c)(2), and this court presumes the facts presented in defendant's motion are true.

On March 20, 2014, pursuant to a guilty plea, this court convicted Lill of one count of conspiracy to distribute marijuana, a violation of 21 U.S.C. § 846, and sentenced him to 24 months in custody followed by three years of supervised release. (ECF NO. 349 at 2). The parties later stipulated to reduce his term of imprisonment to 18 months. (*Id.*).

Before his conviction, Lill served two years and ten months of pretrial supervision. (*Id.*). He began his federal imprisonment sentence on June 9, 2014 when he self-surrendered to the United States Marshals. (*Id.*). He began his term of supervised release on October 31, 2015 and is currently being supervised in the state of Colorado. (*Id.*).

Over the course of his pretrial supervision, imprisonment, and supervised release, Lill has never produced a positive drug test and has been fully compliant with the terms of his pretrial release, custody, and supervised release. (*Id.*). He has not reoffended. (*Id.*). Lill has successfully completed intensive drug and alcohol treatment that includes cognitive behavioral therapy. (*Id.* at 3).

Mr. Lill was transferred from Nevada to Colorado for supervised release where he could obtain employment and raise his son. (*Id.*). Lill is a single father of an 11-year-old son and provides his son a stable residence. (*Id.* at 4). Lill is no longer associated with the marijuana industry. (*Id.* at 3). Lill now works as the acting CEO of a real estate company and hopes to obtain the role of permanent CEO by September 1, 2017. (*Id.*). Lill claims that this new role will require him to travel, which will be complicated or made impossible by remaining on supervised release. (*Id.*). Therefore, he asks for early termination of supervised release.

**II.     Legal Standard**

The statute governing early termination of supervision provides that the court, after considering certain factors set forth in 18 U.S.C. § 3553(a), may terminate a term of supervision previously ordered and discharge a defendant convicted of a felony at any time after the expiration of one year of supervised release. 18 U.S.C. § 3583(e)(1). Additionally, this court finds instructive the standards adopted by the Judicial Conference Committee on Criminal Law, which elaborate on the statutory factors of § 3553(a):

1. stable community reintegration (e.g., residence, family, employment);

2. progressive strides toward supervision objectives and in compliance [sic] with all conditions of supervision;

3. no aggravated role in the offense of conviction, particularly large drug or fraud offenses;

4. no history of violence . . .

5. no recent arrests or convictions. . .

6. no recent evidence of alcohol or drug abuse;

7. no recent psychiatric episodes;

8. no identifiable risk to the safety of any identifiable victim; and

**James C. Mahan**
**U.S. District Judge**

- 2 -

9. no identifiable risk to public safety . . .

*United States v. Weintraub*, 371 F. Supp. 2d 164, 166 (D. Conn. 2005); *see also United States v. Bastien*, 111 F. Supp. 3d 315, 321 n.5 (E.D.N.Y. 2015), *appeal dismissed* (Sept. 30, 2015); *United States v. Etheridge*, 999 F. Supp. 2d 192, 195 (D.D.C. 2013); *United States v. Wilson*, No. CR 01-0553 (ES), 2017 WL 3332261, at *2 (D.N.J. Aug. 4, 2017); *United States v. Lagone*, No. 10-CR-818 (JFB), 2017 WL 606016, at *2 (E.D.N.Y. Feb. 15, 2017).

Finally, after weighing the relevant § 3553(a) factors, a district court may terminate the defendant's supervised release "at any time after the expiration of one year of supervised release" if the court is satisfied that early termination is warranted by the conduct of the defendant and early termination is in the interest of justice. 18 U.S.C. § 3583(e)(1); *Etheridge*, 999 F. Supp. 2d at 195.

### III. Discussion

Lill was convicted of a felony and has served over one year of supervised release. Thus, he meets the threshold requirement to request early termination of his supervised release. *See* 18 U.S.C. § 3583(e)(1).

After considering the factors this court must consider in 18 U.S.C. § 3553(a), this court finds the following. Lill was convicted of a drug-related offense and for this offense has already served two years and ten months of pretrial supervision, 18 months of imprisonment, and to date, nearly two years of supervised release. During all of this time, Lill has not reoffended, has not violated the terms of his supervision or committed any violations while incarcerated, has no violent criminal history, has since become a productive, lawfully employed member of the community, raises his son and provides him a stable home, and has demonstrated that he no longer poses a threat to the public of reoffending. Given these circumstances, this court finds that Lill's time served, including the manner in which he served it, has adequately reflected the seriousness of his offense, promoted respect for the law, constitutes just punishment, and that further supervised release is not in the interest of justice nor warranted by his conduct. 18 U.S.C. § 3553(a)(1); 18 U.S.C. § 3583(e)(1); *cf.* 18 U.S.C. § 3553(a)(2)(A).

The elaborated factors set forth by the Judicial Conference Committee on Criminal Law also weigh in favor of early termination of supervised release. Lill has demonstrated a stable

community reintegration, raising his son and engaging in lawful employment as the acting CEO of a real estate company. He has complied with all terms of supervision and has made progressive strides toward supervision objectives. He did not receive an enhancement for playing an aggravated role in the offense of conviction. He has no history of violence. He has no recent arrests or convictions. He has not returned a single positive drug test in the history of his pretrial supervision, incarceration, and supervised release. He has had no known recent psychiatric episodes. Finally, he poses no identifiable risk to the safety of a person or the public.

This court finds that Lill has served the sentence he deserved. Accordingly, the court is satisfied that Lill's conduct and the interests of justice warrant an immediate termination of supervised release. *See* 18 U.S.C. § 3583(e)(1).

Accordingly,

IT IS HEREBY ORDERED that defendant Jacob Lill's motion for early termination of supervision (ECF No. 349) is GRANTED.

IT IS FURTHER ORDERED that Lill's term of supervised release is hereby terminated as of the date of the entry of this order.

DATED August 22, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -